**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GABRIEL CHRIST,

      **Plaintiff,**              CIVIL ACTION NO. 06-CV-11833-AA

vs.

                                    DISTRICT JUDGE JOHN CORBETT O'MEARA

DETROIT POLICE DEPT,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Plaintiff's Request for Clerk's Entry of Judgment by Default (docket no. 19) should be **DENIED**, and Defendant Detroit Police Department's Motion to Set Aside Default (docket no. 21) should be **DENIED** as moot.

***

      This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 and several other federal statutes. Plaintiff filed his Request for Clerk's Entry of Judgment by Default against Defendant Detroit Police Department on August 28, 2006. Defendant responded by filing its Motion to Set Aside Default on August 30, 2006. Plaintiff responded to that motion, and Defendant filed a Reply to Plaintiff's Response. The matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

      Plaintiff, a German citizen, alleges that Defendants refused to allow him to contact the German Embassy for Consular Relations following his arrest by the Detroit police for the sexual assault of his wife. He is now serving a sentence for his offenses. Plaintiff named the Detroit Police Department as a Defendant. However, the summons that issued, which was possibly altered after the Clerk issued it, was addressed to the Chief of Police. The Detroit City Legal Department, on behalf of the police department, states that it received the summons on August 14, 2006. It acknowledged receipt even with

the service problem. Plaintiff filed his request for the Clerk to enter a default on August 28, 2006. Defendant police department argues that default should not be entered against it because its time for responding, when run from August 14, would not have expired until September 5, 2006 which is after Plaintiff filed his request for default.

Although the Defendant police department has moved to set aside "Plaintiff's default," there has not been an entry of default by the Clerk or a default judgment entered. If the Clerk had entered a default, under Fed. R. Civ. P. 55(c) the Court could set it aside for "good cause shown." Generally, three equitable factors are considered to determine whether good cause has been shown: (1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir.), *cert. denied*, __ S.Ct. __ (Oct. 2, 2006). Considering these factors, default judgment should not be entered in this case. Defendant has not exhibited any culpable conduct. On the contrary, it acknowledged service even when the summons was not properly addressed to it. It is too early in the case to know if Defendant will have a meritorious defense. Finally, Plaintiff will not be harmed by not entering default given the early stage of the case. Defendant has shown good cause why default should not be entered against it. Plaintiff's "request" should therefore be denied. Defendant's motion to set aside the default should be denied as moot because there has been no default entered.

**NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 05, 2006         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Gabriel Christ and Counsel of Record on this date.

Dated: October 05, 2006         s/ Lisa C. Bartlett
                                Courtroom Deputy