UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIEL CHRIST,

      **Plaintiff,**             CIVIL ACTION NO. 06-CV-11833-AA

vs.

                                DISTRICT JUDGE JOHN CORBETT O'MEARA

DETROIT POLICE DEP'T,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendant Solicitor General's Motion to Dismiss filed on October 16, 2006 (docket no. 28) should be **GRANTED**.

***

      This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 and several other federal statutes including the Alien Tort Statute, Torture Victims Protection Act, and the Federal Tort Claims Act.  Defendant Solicitor General of the United States filed his motion to dismiss for failure to state a claim upon which relief may be granted on October 16, 2006.  Plaintiff has not responded, and the time for responding has now expired.  The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

      Plaintiff, a German citizen, alleges that Defendants failed to inform him of his rights under the Vienna Convention on Consular Relations and refused to allow him to contact the German Embassy following his arrest by the Detroit police for the sexual assault of his wife in October 1998.  (Docket no. 1).  He is now serving a sentence for his offenses in state prison.  He also alleges that he was tricked into signing a form authorizing his removal from the United States by an Immigration and Customs Enforcement Agent.  (*Id.* at 10).  Finally, Plaintiff alleges that the United States Department of Justice

failed to investigate his complaint regarding his attempts to contact the German Embassy. (*Id.* at 19). Plaintiff names as a Defendant the United States Solicitor General in the caption of the Complaint. (*Id.* at 1). He seeks damages as relief. (*Id.* at 24).

The Solicitor General presents several arguments for dismissal of all claims against him. He contends that dismissal is appropriate because no facts are alleged against him in Plaintiff's Complaint, because the Vienna Convention does not create a private right of action for detained foreign nationals, and because this Court lacks jurisdiction over any claims arising out of Plaintiff's immigration removal proceedings. (Docket no. 28).

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

Plaintiff has failed to allege any facts against the Solicitor General. There is therefore no allegation that this Defendant played any part in Plaintiff's arrest, the alleged failure to inform him of his rights under the Vienna Convention, the alleged failure to allow him to contact the German Embassy, the alleged failure to investigate his complaints regarding the failure to allow him to contact his embassy, or the alleged trickery involved in his signing of the immigration form. The Solicitor General should therefore be dismissed as a Defendant for this reason alone. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (complaint must give short and plain statement of claim that will give defendant fair notice of what the claim is and the grounds upon which it rests).

Moreover, the Sixth Circuit has determined that the Vienna Convention does not create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the

federal courts can enforce. *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001); *Diaz v. Van Norman*, 351 F. Supp. 2d 679, 681 (E.D. Mich. 2005) (plaintiff alleging that state and federal officials denied him right under Vienna Convention by failing to notify consulate of arrest failed to state claim for relief). Although one circuit court has decided differently, this Court must follow the decision of the Sixth Circuit. *See Jogi v. Voges*, 425 F.3d 367 (7th Cir. 2005) (plaintiff had individually enforceable right under Vienna Convention to bring action under Alien Tort Statute for defendants' failure to advise plaintiff of right to notify his consulate of his arrest). This is an independent basis for dismissing any claim against the Solicitor General related to the alleged failures to notify or to allow Plaintiff to contact his embassy. Because there was no underlying enforceable right, the alleged failure to investigate these alleged failures would also not state a claim against the Solicitor General.

Finally, any claims related to Plaintiff's immigration removal proceedings are not cognizable in this Court. Neither the Immigration and Customs Enforcement Agency nor the agent involved are named as defendants. If Plaintiff wishes to challenge the validity of his Stipulated Request for Removal Order and Waiver of Hearing, he would have to raise the issue before the Immigration Court. *See* 8 U.S.C. § 1229a(c)(7). It is only after he has exhausted his administrative remedies that he would be able to be heard in the federal courts. *See* 8 U.S.C. § 1252(d)(1). Accordingly, any claim against the Solicitor General based on Plaintiff's immigration proceedings should be dismissed.

For all of these reasons, the Solicitor General's motion to dismiss should be granted.

**NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 21, 2006         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Gabriel Christ and Counsel of Record on this date.

Dated: November 21, 2006         s/ Lisa C. Bartlett
                                 Courtroom Deputy