UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIEL CHRIST,

              Plaintiff,          CIVIL ACTION NO. 06-CV-11833-AA

    vs.

                            DISTRICT JUDGE JOHN CORBETT O'MEARA

DETROIT POLICE DEP'T,     MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

              Defendants.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION**: Defendant Detroit Police Department's Motion to Dismiss filed on October 27, 2006 (docket no. 31) should be **GRANTED**.

\*\*\*

    This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 and several other federal statutes including the Alien Tort Statute, Torture Victims Protection Act, and the Federal Tort Claims Act. Defendant Detroit Police Department filed its motion to dismiss for failure to state a claim upon which relief may be granted on October 27, 2006.[1] Plaintiff has responded. (Docket no. 32). The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    Plaintiff, a German citizen, alleges that Detroit police officers and investigators failed to inform him of his rights under the Vienna Convention on Consular Relations and refused to allow him to contact the German Embassy following his arrest by the Detroit police for the sexual assault of his wife

---

[1] The motion to dismiss is filed also on behalf of the Chief of Police, Ella Bully-Cummings. However, the Chief is not named as a Defendant in this action. There was some confusion created when Plaintiff attempted to serve the Police Department because the summons for the Department had the name of the Chief on it. *See* docket no. 25. To the extent that the Chief is considered a Defendant, the motion as to her should be granted. There are no facts alleged against her, and *respondeat superior* is not a basis for liability under section 1983. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005).

in October 1998. (Docket no. 1 at 11). He is now serving a sentence for his offenses in state prison. Plaintiff also makes other allegations relevant to the federal Defendant regarding his immigration proceedings. He also attacks his conviction by claiming ineffective assistance of counsel and an alleged lack of evidence against him.[2] He seeks damages as relief. (*Id.* at 24).

The Detroit Police Department presents several arguments for dismissal of all claims against it. It contends that dismissal is appropriate because the police department is not an entity amenable to civil suit, because no allegation is made of an implementation of an unlawful policy or practice which is deliberately indifferent to individuals' rights, and which is promulgated or ratified by proper policy making authorities (which might serve to make the City liable), and because the Vienna Convention does not create a private right of action for detained foreign nationals. (Docket no. 31).

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

The only cognizable claims alleged against the police department are that its officers and investigators failed to fulfill the requirements of the Vienna Convention with regard to notifying Plaintiff of his right to contact his embassy and allowing him to do so. However, the Sixth Circuit has determined that the Vienna Convention does not create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the federal courts can enforce. *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001); *Diaz v. Van Norman*, 351 F. Supp. 2d 679, 681 (E.D.

---

[2] These attacks on the validity of his conviction are not cognizable in this proceeding because Plaintiff has failed to allege or show that his conviction has been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Diaz v. Van Norman*, 351 F. Supp. 2d 679, 682 (E.D. Mich. 2005).

-2-

Mich. 2005) (plaintiff alleging that state and federal officials denied him right under Vienna Convention by failing to notify consulate of arrest failed to state claim for relief).  Although one circuit court has decided differently, this Court must follow the decision of the Sixth Circuit.  *See Jogi v. Voges*, 425 F.3d 367 (7th Cir. 2005) (plaintiff had individually enforceable right under Vienna Convention to bring action under Alien Tort Statute for defendants' failure to advise plaintiff of right to notify his consulate of his arrest).

Moreover, the police department is not a legal entity against which an action may be directed. *See Pierzynowski v. Police Dep't City of Detroit*, 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996).  The City of Detroit is the proper defendant.  *Id.*  However, Plaintiff has failed to sufficiently allege that his alleged damages were caused by the execution of a governmental policy or custom.  *See id.* at 644-45.  It would therefore be futile to add the City as a defendant.

Accordingly, the Detroit Police Department's motion to dismiss should be granted.

## NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

-3-

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten

days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity.  The response must specifically address each issue raised in the

objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2,"

etc.


Dated: November 21, 2006                    s/ Mona K. Majzoub                              
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Gabriel Christ and Counsel of Record on this date.

Dated: November 21, 2006                    s/ Lisa C. Bartlett                              
                                            Courtroom Deputy

-4-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIEL CHRIST,

                Plaintiff,              CIVIL ACTION NO. 06-CV-11833-AA

    vs.

                                DISTRICT JUDGE JOHN CORBETT O'MEARA

DETROIT POLICE DEP'T,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION**: Defendant Detroit Police Department's Motion to Dismiss filed on October 27, 2006 (docket no. 31) should be **GRANTED**.

\*\*\*

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 and several other federal statutes including the Alien Tort Statute, Torture Victims Protection Act, and the Federal Tort Claims Act. Defendant Detroit Police Department filed its motion to dismiss for failure to state a claim upon which relief may be granted on October 27, 2006.[1] Plaintiff has responded. (Docket no. 32). The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, a German citizen, alleges that Detroit police officers and investigators failed to inform him of his rights under the Vienna Convention on Consular Relations and refused to allow him to contact the German Embassy following his arrest by the Detroit police for the sexual assault of his wife

---

[1] The motion to dismiss is filed also on behalf of the Chief of Police, Ella Bully-Cummings. However, the Chief is not named as a Defendant in this action. There was some confusion created when Plaintiff attempted to serve the Police Department because the summons for the Department had the name of the Chief on it. *See* docket no. 25. To the extent that the Chief is considered a Defendant, the motion as to her should be granted. There are no facts alleged against her, and *respondeat superior* is not a basis for liability under section 1983. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005).

in October 1998.  (Docket no. 1 at 11).  He is now serving a sentence for his offenses in state prison. Plaintiff also makes other allegations relevant to the federal Defendant regarding his immigration proceedings.  He also attacks his conviction by claiming ineffective assistance of counsel and an alleged lack of evidence against him.[2]  He seeks damages as relief.  (*Id.* at 24).

The Detroit Police Department presents several arguments for dismissal of all claims against it. It contends that dismissal is appropriate because the police department is not an entity amenable to civil suit, because no allegation is made of an implementation of an unlawful policy or practice which is deliberately indifferent to individuals' rights, and which is promulgated or ratified by proper policy making authorities (which might serve to make the City liable), and because the Vienna Convention does not create a private right of action for detained foreign nationals.  (Docket no. 31).

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint.  *Id.*  The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however.  *Id.*

The only cognizable claims alleged against the police department are that its officers and investigators failed to fulfill the requirements of the Vienna Convention with regard to notifying Plaintiff of his right to contact his embassy and allowing him to do so.  However, the Sixth Circuit has determined that the Vienna Convention does not create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the federal courts can enforce.  *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001); *Diaz v. Van Norman*, 351 F. Supp. 2d 679, 681 (E.D.

---

[2] These attacks on the validity of his conviction are not cognizable in this proceeding because Plaintiff has failed to allege or show that his conviction has been overturned.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Diaz v. Van Norman*, 351 F. Supp. 2d 679, 682 (E.D. Mich. 2005).

-2-

Mich. 2005) (plaintiff alleging that state and federal officials denied him right under Vienna Convention by failing to notify consulate of arrest failed to state claim for relief). Although one circuit court has decided differently, this Court must follow the decision of the Sixth Circuit. *See Jogi v. Voges*, 425 F.3d 367 (7th Cir. 2005) (plaintiff had individually enforceable right under Vienna Convention to bring action under Alien Tort Statute for defendants' failure to advise plaintiff of right to notify his consulate of his arrest).

Moreover, the police department is not a legal entity against which an action may be directed. *See Pierzynowski v. Police Dep't City of Detroit*, 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996). The City of Detroit is the proper defendant. *Id.* However, Plaintiff has failed to sufficiently allege that his alleged damages were caused by the execution of a governmental policy or custom. *See id.* at 644-45. It would therefore be futile to add the City as a defendant.

Accordingly, the Detroit Police Department's motion to dismiss should be granted.

## NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten

days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity.  The response must specifically address each issue raised in the

objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2,"

etc.


Dated: November 21, 2006                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Gabriel Christ and Counsel of Record on this date.

Dated: November 21, 2006                    s/ Lisa C. Bartlett
                                            Courtroom Deputy


-4-