UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GABRIEL CHRIST,**

       **Plaintiff,**              **CIVIL ACTION NO. 06-CV-11833-AA**

    vs.

                                  **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**DETROIT POLICE DEP'T.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that Plaintiff's Motion for Certificate of Appealability filed on February 28, 2007 (docket no. 43) be **DENIED**.

This Court further recommends that Plaintiff's Motion to File "Protective" Proceedings and Motion to Stay Proceedings filed on March 12, 2007 (docket no. 45) be **DENIED**.

**II.**    **REPORT:**

    *A.*    *Facts and Procedural History*

Two motions filed by Plaintiff are now before the Court. Plaintiff's first motion is for a certificate of appealability. (Docket no. 43). Plaintiff's second motion is for a stay of this action. (Docket no. 45). Defendants Detroit Police Department and the Solicitor General have been dismissed from the case. The remaining Defendants are therefore Governor Granholm, former Governor Engler, and Attorney General Cox. They have not responded to either of Plaintiff's motions. The time for responding has now expired. Pretrial matters have been referred to the undersigned for decision or for

recommendation. (Docket no. 3). The Court dispenses with oral argument on these motions pursuant to E.D. Mich. LR 7.1(e). Plaintiff's motions are now ready for ruling under 28 U.S.C. § 636(b)(1)(B).[1]

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 and several other federal statutes including the Alien Tort Statute, Torture Victims Protection Act, and the Federal Tort Claims Act. Plaintiff, a German citizen, alleges that Detroit police officers and investigators failed to inform him of his rights under the Vienna Convention on Consular Relations and refused to allow him to contact the German Embassy following his arrest by the Detroit police for the sexual assault of his wife in October 1998. (Docket no. 1 at 7). He is now serving a sentence for his offenses in state prison. He seeks damages as relief. (*Id.* at 20).

B. *Motion to Stay*

Plaintiff seeks a stay of this case to allow "the rest of the Defendant's [sic] catch up with" other Defendants. (Docket no. 45 at 3). Plaintiff does not explain why a stay is necessary to allow some Defendants to catch up with the other Defendants. As stated above, two Defendants have already been dismissed and of the three remaining Defendants two have filed a motion to dismiss (docket no. 49) and the other Defendant has not yet been served and has not made an appearance. Therefore, the Court sees no reason to stay the proceedings. Plaintiff's Motion to Stay and to File Protective Proceedings should be denied.

C. *Motion for Certificate of Appealability*

---

[1] This Court addresses these motions in a Report and Recommendation because the question of whether a certificate of appealability should issue is committed to the "district judge who rendered the judgment." *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); *Jones v. Johnson*, 134 F.3d 309, 312 (5th Cir. 1998). Also, Plaintiff's motion for a stay of the proceedings could be considered a motion for injunctive relief which may not be decided pursuant to 28 U.S.C. § 636(b)(1)(A).

A certificate of appealability is required only in certain types of cases, namely in habeas corpus cases and proceedings pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2253(c). The present action is neither of these types of actions – it is a civil rights action. Therefore, a certificate of appealability is not required for appeal. Moreover, this issue is moot because the Sixth Circuit Court of Appeals has already dismissed the appeal for which Plaintiff seeks this certificate of appealability. (Docket no. 52). The dismissal was because the appeal was interlocutory and not because there was no certificate of appealability issued. Accordingly, Plaintiff's motion for a certificate of appealability should be denied.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 04, 2007          s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Gabriel Christ and Counsel of Record on this date.

Dated: May 04, 2007          s/ Lisa C. Bartlett
                                            Courtroom Deputy