UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIEL CHRIST,

        Plaintiff,              CIVIL ACTION NO. 06-CV-11833-AA

   vs.

                            DISTRICT JUDGE JOHN CORBETT O'MEARA

DETROIT POLICE DEP'T.,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

**REPORT AND RECOMMENDATION**

I.    **RECOMMENDATION**: This Court recommends that the Motion to Dismiss filed by Defendants Cox and Granholm on March 19, 2007 (docket no. 49) be **GRANTED**.

    This Court further recommends that Defendant Engler be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and that this action be dismissed.

II.    **REPORT**:

    *A.*    *Facts and Procedural History*

    Defendants Cox, the Michigan Attorney General, and Granholm, the Michigan Governor, have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket no. 49). Plaintiff has responded to the motion. (Docket no. 50). Pretrial matters have been referred to the undersigned for decision or for recommendation. (Docket no. 3). The Court dispenses with oral argument on this motion pursuant to E.D. Mich. LR 7.1(e). Defendants' motion is now ready for ruling under 28 U.S.C. § 636(b)(1)(B).

    This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 and several other federal statutes including the Alien Tort Statute, Torture Victims Protection Act, and the Federal Tort Claims Act. Plaintiff, a German citizen, alleges that Detroit police officers and investigators failed to inform

him of his rights under the Vienna Convention on Consular Relations and refused to allow him to contact the German Embassy following his arrest by the Detroit police for the sexual assault of his wife in October 1998. (Docket no. 1 at 7). He is now serving a sentence for his offenses in state prison. He seeks damages as relief. (*Id.* at 20).

The allegations against Defendants Cox and Granholm are sparse. Plaintiff alleges that Defendant Cox was informed of the alleged violation of the Vienna Convention through Plaintiff's habeas corpus petition. (Docket no. 1 at 1). Plaintiff fails to make any direct allegations against Governor Granholm. He alleges that former Governor Engler sent a letter to the German Embassy apologizing for the violation of the Vienna Convention. (*Id.*) This allegation against the former governor may be intended to apply to the present governor in her official capacity. Plaintiff does not state whether he is suing these Defendants in their official or individual capacities.

B.      *Standard of Review*

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*


C.      *Analysis*

As stated above, Plaintiff fails to clearly state whether he is suing these Defendants in their individual or official capacities. Defendants argue that they are being sued only in their official capacities. (Docket no. 49 at 6). They therefore contend that under *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), as state officials they are entitled to Eleventh Amendment immunity and that they

are not "persons" subject to liability under section 1983. In addition, Defendants contend that they are entitled to be dismissed because of the failure of Plaintiff to state specific facts showing that they deprived him of a federal right. Finally, Defendants argue that they should be dismissed because the Vienna Convention does not create private rights or provide a private cause of action in this Court.

Defendants are correct that they are entitled to be dismissed on the basis of Eleventh Amendment immunity if they are sued in their official capacities. *Will*, 491 U.S. 58. The *Will* Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. Because section 1983 applies only to "persons," Defendants should be dismissed if Plaintiff is suing them in their official capacity. *Id.*

Plaintiff, however, never clearly states in his Complaint, or other filings, how Defendants are being sued. His request for only damages as relief could be considered an indication that Defendants are being sued in their individual capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (fact that plaintiff sought damages against defendants suggests individual capacity suit). The Court will therefore consider whether Defendants are entitled to dismissal in their individual capacities.

A governmental official performing a discretionary function is entitled to qualified immunity from suit for civil damages unless his actions violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, Plaintiff claims that the Detroit police refused to allow him to call his country's representatives when he was arrested. The Sixth Circuit has determined that the Vienna Convention does not create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the federal courts can enforce. *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001); *Diaz v. Van Norman*, 351 F. Supp. 2d 679, 681 (E.D. Mich. 2005) (plaintiff alleging that state and federal officials denied him right under Vienna Convention by failing to notify consulate of arrest failed to

state claim for relief). Although one circuit court has decided differently, this Court must follow the decision of the Sixth Circuit. *See Jogi v. Voges*, 480 F.3d 822 (7ᵗʰ Cir. 2007) (plaintiff had individually enforceable right under Vienna Convention to bring action under 42 U.S.C. § 1983 for defendants' failure to advise plaintiff of right to notify his consulate of his arrest). Therefore, Plaintiff has failed to state a claim of a violation of his statutory or constitutional rights.

Plaintiff's failure to state a violation of his rights is fatal to his section 1983 claim and his claims under the Alien Tort Act and the Torture Victims Protection Act.[1] The Alien Tort Act requires an actionable violation of international law. *See Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11ᵗʰ Cir. 2005). The Torture Victims Protection Act forbids torture which is defined to exclude pain or suffering arising only from or inherent in, or incidental to, lawful sanctions. *Id.* at 1250 & n.8. Because Plaintiff's claim involves the legally sanctioned punishment imposed upon him and not for any actionable violation of his rights, Plaintiff has failed to state a claim under either of these laws.

Moreover, even if Plaintiff's rights had been violated, there is no allegation of any involvement by Governor Granholm. The only allegation against Attorney General Cox is that he became aware of this alleged violation of the Vienna Convention when Plaintiff filed his habeas corpus petition. Even assuming that the filing of a habeas petition could put the Attorney General on notice that the petitioner's rights had been violated, a dubious proposition itself, this "notice" undoubtedly came well after the violation had occurred. Therefore, Plaintiff has failed to allege facts sufficient to show that either Attorney General Cox or Governor Granholm violated any of his clearly established statutory or constitutional rights. These Defendants are therefore entitled to qualified immunity from damages.

---

[1] The Federal Tort Claims Act provides no relief against these Defendants because they are not federal employees. *See* 28 U.S.C. § 1346(b)(1).

*Harlow*, 457 U.S. at 818.  Because damages is the only relief Plaintiff seeks, these Defendants should be dismissed.

The only remaining Defendant is former Governor Engler.  As stated above, he has not been served and has not made an appearance in this action.  Plaintiff alleges that Governor Engler wrote a letter to the German Embassy apologizing for the alleged violation of the Vienna Convention in Plaintiff's case.  (Docket no. 1 at 1).  For the reasons discussed above, the Court finds that Plaintiff has failed to state a claim by this allegation against Governor Engler.  Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss him as a Defendant as well, even before service has been made upon him.  Because Defendants Cox, Granholm, and Engler are the only remaining Defendants in this action, should the Court dismiss them as recommended this entire action may be dismissed.

## III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 29, 2007                         s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Gabriel Christ and Counsel of Record on this date.

Dated: May 29, 2207                         s/ Lisa C. Bartlett
                                            Courtroom Deputy